UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:24-cr-201-GAP-EJK

HASHEM YOUNIS HASHEM HNAIHEN

18 U.S.C. § 844(e)
(Threatened Use of an Explosive)
18 U.S.C. § 1366(a)
(Destruction of an Energy Facility)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Threatened Use of an Explosive)**

On or about June 25, 2024, in the Middle District of Florida, the defendant,

HASHEM YOUNIS HASHEM HNAIHEN,

in and affecting interstate and foreign commerce, willfully made a threat unlawfully to damage and destroy any building and other real and personal property by means of an explosive, that is, the defendant left a letter at a Starbucks in Orlando, Florida, stating that he would "explode everything here in whole America."

In violation of 18 U.S.C. § 844(e).

### COUNT TWO
**(Threatened Use of an Explosive)**

On or about June 25, 2024, in the Middle District of Florida, the defendant,

HASHEM YOUNIS HASHEM HNAIHEN,

in and affecting interstate and foreign commerce, willfully made a threat unlawfully to damage and destroy any building and other real and personal property by means

of an explosive, that is, the defendant left a letter at a Starbucks in Winter Park, Florida, stating that he would "explode everything here in whole America."

In violation of 18 U.S.C. § 844(e).

### COUNT THREE
**(Threatened Use of an Explosive)**

On or about June 25, 2024, in the Middle District of Florida, the defendant,

HASHEM YOUNIS HASHEM HNAIHEN,

in and affecting interstate and foreign commerce, willfully made a threat unlawfully to damage and destroy any building and other real and personal property by means of an explosive, that is, the defendant left a letter at a McDonald's in Maitland, Florida, stating that he would "explode everything here in whole America."

In violation of 18 U.S.C. § 844(e).

### COUNT FOUR
**(Threatened Use of an Explosive)**

On or about June 29, 2024, in the Middle District of Florida, the defendant,

HASHEM YOUNIS HASHEM HNAIHEN,

in and affecting interstate and foreign commerce, willfully made a threat unlawfully to damage and destroy any building and other real and personal property by means of an explosive, that is, the defendant left a letter at a solar power generation facility in Wedgefield, Florida, stating that he would "explode everything here in whole America."

In violation of 18 U.S.C. § 844(e).

2

## COUNT FIVE
### (Destruction of an Energy Facility)

On or about June 29, 2024, in the Middle District of Florida, the defendant,

HASHEM YOUNIS HASHEM HNAIHEN,

did knowingly and willfully damage and attempt to damage the property of an energy facility, that is, a solar power generation facility in Wedgefield, Florida, in an amount that exceeds $100,000.

In violation of 18 U.S.C. § 1366(a).

## FORFEITURE

1.  The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(G), 844(c), 982(a)(2)(B) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 844, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), any explosive materials involved or used or intended to be used in the violation.

3.  Upon conviction of the violation of 18 U.S.C. § 1366(a) set forth in Count Five, because the violation alleged constitutes a Federal crime of terrorism, as defined in 18 U.S.C. § 2332b(g)(5), against the United States, citizens and residents of the United States, and their property, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets,

foreign and domestic, including but not limited to all assets, foreign and domestic, (1) acquired or maintained with the intent and for the purpose of supporting, planning, conducting, and concealing the offense; and (2) derived from, involved in, or used or intended to be used to commit the offense.

4.  If any of the property described above, as a result of any act or omission of the defendant:

>   a.  cannot be located upon the exercise of due diligence;
>
>   b.  has been transferred or sold to, or deposited with, a third party;
>
>   c.  has been placed beyond the jurisdiction of the court;
>
>   d.  has been substantially diminished in value; or
>
>   e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Richard Varadan
Assistant United States Attorney

By: _____
for Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

5

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

HASHEM YOUNIS HASHEM HNAIHEN

## INDICTMENT

Violation:

18 U.S.C. § 844(e)
18 U.S.C. § 1366 (a)

A true bill,

_____
Foreperson

Filed in open court this 7th day of August, 2024.

_____
Clerk

Bail  $_____

GPO 863 525