UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.      CASE NO. 6:24-cr-201-GAP-UAM

HASHEM YOUNIS HASHEM HNAIHEN

### UNITED STATES' SENTENCING MEMORANDUM

During the summer of 2024, the defendant waged a campaign of terror throughout the Middle District of Florida. Under the cloak of night, he repeatedly attacked power stations and businesses, causing hundreds of thousands of dollars in damage. He left notes at the scene of each attack, threatening more violence if the President of the United States did not alter U.S. foreign policy and take specific actions in Gaza to meet his demands.

These actions meet the textbook definition of a federal crime of terrorism—the defendant committed an enumerated offense of terrorism, and his offense was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." 18 U.S.C. § 2332b(g)(5). For these reasons, as elaborated below, the defendant's crimes involved and were intended to promote a federal crime of terrorism, and the Court should apply the terrorism enhancement under USSG. §3A1.4.

I.  **FACTUAL BACKGROUND**

In the summer of 2024, over Memorial Day weekend, the defendant broke into a solar power generation facility ("solar farm") in Wedgefield, Florida. (Doc. 58, PSR ¶ 14). Once inside, after cutting through the chain link fence, he smashed the glass tops of several solar panels, cut the wires to several others, and took several rows of panels offline. *Id.*



(*Example of solar panels with smashed glass panels*)

The defendant escaped without detection, and soon followed up with an escalating string of attacks.

On June 17, 2024, the defendant traveled to a Starbucks in Daytona Beach Shores, and on June 25, 2024, he visited two more Starbucks in Orlando and Winter Park, Florida, and a McDonald's in Maitland, Florida. *Id.* ¶¶ 11–12. He visited each

location under the cover of night and concealed his face from security cameras. *Id.* At each location, he shattered the glass front doors, leaving behind threatening letters and notes accusing the businesses of supporting "genocide in Gaza." *Id.*



(*Example of restaurant damage with notes taped to the window*)

At each of the three stores targeted on June 25, 2025, the defendant left behind "Warning Letters," which were addressed to the United States government, listed a series of demands, and culminated in a threat to "destroy or explode everything here in whole America."  *Id.* ¶ 11. In full, the letters read:

### Warning Latter [sic]

This is a message to PM Biden and his lying, fascist government.

1. Stop supporting Israeli PM Netanyahu and his sadistic, criminal government.
2. Stop the genocide in Gaza now and forever.

3

> 3. Bring humanitarian aid into Gaza immediately before people die of hunger, thirst and disease.
>
> These are our demands, otherwise we will destroy or explode everything here in whole America. Especially the companies or factories that support the racist state of Israel.
>
> You trade in our democracy and use our money to ignite the wars and kill innocent people all over the world in order to steal their natural wealth such as oil, gold and many others, as happened in Afghanistan, Iraq, Lebia…………………..and it is currently happening in Gaza and Sudan.
>
> We know that our country "USA" is ruled by Zionism and International Freemasonry, but we will not remain silent about this unless we see change in Gaza and Sudan.
>
> **<u>The Free American people</u>**

Four days later, as the responding police agencies were working to identify the attacker, the defendant returned to the same solar farm he had attacked the previous month. *Id.* ¶ 15. This time, the defendant spent several hours inside the solar farm, systematically and strategically cutting wires to dismantle the entire field of solar panels. *Id.*

4



(*Aerial view of the solar field the defendant disabled*)

By his efforts, the defendant managed to permanently disable an entire field of solar panels and cause $459,386 in damages. *Id.* Before leaving, the defendant posted two identical copies of the Warning Letter outside each of the solar farm's entrances. *Id.* ¶ 16.



(*Example of Warning Letter posted on gate leading into the solar farm*)

The defendant's attacks continued to escalate. On July 9, 2024, employees at an industrial propane distribution depot in Orlando, Florida, discovered yet another identical Warning Letter taped to an office window. *Id.* ¶ 17. The employees were forced to evacuate the facility and call in a fire department hazmat team to search for possible explosives. *Id.*

Meanwhile, law enforcement investigators had identified the defendant. He had left fingerprints on some of the Warning Letters, he drove his distinctive work truck to each of the restaurant attacks, and his cell phone location data placed him at the scene of each attack. *Id.* ¶¶ 11, 16. On July 11, 2025, officers with the Orange County Sheriff's Office arrested the defendant. *Id.* ¶ 19. During a post-arrest interview, the defendant denied knowing anything about the attacks or the letters. Inside the defendant's truck, which he had been driving at the time of his arrest, officers found glass-breaking and wire-cutting tools and a stack of unused Warning Letters. *Id.*

## II.  SENTENCING GUIDELINES

The defendant pleaded guilty to all five counts of the Indictment without a plea agreement. Counts One through Four of the Indictment charge the defendant with Threatened Use of an Explosive in violation of 18 U.S.C. § 844(e). (Doc. 1 at 1–2). Count Five charges the defendant with Destruction of an Energy Facility in violation of 18 U.S.C. § 1366(a). *Id.* at 3. The Final Presentence Report separates the five-count Indictment into three Count Groups. Count Groups 1 and 3 apply to the property damage and threatened used of explosives at the Starbucks and McDonalds

locations respectively. PSR ¶¶ 25–26, 31–32. Count Group 1 carries an adjusted offense level of 14, and Count Group 3 carries an adjusted offense level of 12. *Id.* ¶¶ 30, 36.

Count Group 2 applies to the threatened use of explosives and destruction of the solar farm in Wedgefield, Florida, and carries an adjusted offense level of 32. *Id.* ¶¶ 37–38, 42. Count Group 2's scoring consists of a seven-point base offense level, a 12-point enhancement for the $459,386 in damages, and a 13-point terrorism enhancement under USSG §3A1.4. *Id.* ¶¶ 37–40.

The terrorism enhancement also raises the defendant's criminal history category from I to VI. *Id.* ¶¶ 54–55. Crediting three offense levels for acceptance of responsibility, the defendant's sentencing guidelines range is 151–188 months of imprisonment. *Id.* ¶ 83. The defendant's sole objection to the PSR is the application of the terrorism enhancement. *Id.* at 25.

### III. TERRORISM ENHANCEMENT

USSG §3A1.4 applies "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." A federal crime of terrorism is an offense which is both enumerated under 18 U.S.C. § 2332b(g)(5)(B) and "is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." 18 U.S.C. § 2332b(g)(5)(A); USSG §3A1.4 Application Note 1. The Eleventh Circuit has interpreted the word "calculated" to require proof that "the defendant's offense was planned to influence, affect, or retaliate against government conduct, even if that was not the defendant's

personal motive." *United States v. Blanco*, 102 F.4th 1153, 1166 (11th Cir. 2024) (quoting *United States v. Ramirez*, 16 F.4th 844, 854 (11th Cir. 2021)) (emphasis omitted). Courts may rely on direct or circumstantial evidence to support that intent requirement. *Id.*

Count Five of the Indictment—Destruction of an Energy Facility—is an enumerated offense. 18 U.S.C. § 2332b(g)(5)(B)(i); (Doc. 1 at 3). And the defendant's "Warning Letters" show the defendant committed the offense to influence, affect, or retaliate against government conduct.

The defendant left two Warning Letters behind after destroying over $400,000 of energy infrastructure on June 29, 2024. Each letter was explicitly addressed to the President of the United States and the United States government. Both letters demanded that the United States government take specific actions—stop supporting Israel, stop the war in Gaza, and bring humanitarian aid to Gaza. And the letters outlined consequences if the United States government failed to meet the defendant's "demands"—the defendant would commit more acts of violence.

Nor is there any question that the Warning Letters were connected to the solar farm attack: the defendant prominently posted a Warning Letter outside each of the solar farm's entrances to ensure the United States government would receive his message. As the defendant himself admitted in the psychological evaluation he has provided to the Court, "I thought that statement will make them stop the war!" PSR at 24. In short, the June 29, 2024, solar farm attack and the campaign of Warning Letters were calculated to influence and affect the conduct of government by

intimidation and coercion, and to retaliate against government conduct. *Cf. Blanco*, 102 F.4th at 1166 (affirming application of terrorism enhancement to defendant who translated terrorist propaganda promoting acts of violence in countries "where the government and public sentiment is in support of the Israeli occupation of Palestine and the American invasion of Afghanistan and Iraq" (alteration adopted)).

## IV.  CONCLUSION

Over the summer of 2024, the defendant carried out an escalating campaign of attacks, culminating in the destruction of an energy facility, a § 2332b(g)(5)(B)(i) enumerated offense. The defendant's Warning Letters demonstrated that these attacks were calculated to influence or affect government conduct by intimidation or coercion. The defendant's conduct merits the §3A1.4 terrorism enhancement.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  */s/ Richard Varadan*
Richard Varadan
Assistant United States Attorney
Florida Bar No.: 1025743
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: Richard.Varadan@usdoj.gov

**U.S. v. Hashem Younis Hashem Hnaihen   Case No. 6:24-cr-201-GAP-UAM**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Joshua R. Lukman, Esq.

*/s/ Richard Varadan*
Richard Varadan
Assistant United States Attorney
Florida Bar No.: 1025743
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: Richard.Varadan@usdoj.gov